UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL EMMETT WOLFE,

    Plaintiff,

v.                                                                              Case No. 2:16-CV-231

UNKNOWN LALONDE, et al.,                            HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiff, Michael Wolfe, brought a civil rights action against Defendants pursuant to 42 U.S.C. § 1983. Defendants Miller and Wood filed a motion for summary judgment on the basis of Wolfe's failure to exhaust his administrative remedies. (ECF No. 27.) Wolfe responded. (ECF No. 31.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion. (ECF No. 33.) Wolfe filed a timely objection to the R & R. (ECF No. 34.)

Pursuant to Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Wolfe's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

The R & R found that Wolfe failed to properly exhaust his claims against Miller and Wood in grievance URF 16-02-0446-03b. Wolfe did not name Miller and Wood in this grievance, only naming "S.C.C. of the URF" as an offending party. The R & R cited three affidavits provided as exhibits by Miller and Wood to show that they were not members of the S.C.C. (ECF No. 29-5 at PageID.127–28; ECF No. 29-5 at PageID.129–30; ECF No. 29-5 at PageID.131–32.) Wolfe asserts in his objection that he "did name the names [he] could round up at the time who w[]ere in fact involved." (ECF No. 34 at PageID.166.) Wolfe's grievance shows otherwise. The only party Wolfe specifically names in his grievance is the S.C.C.—he does not mention any other actors, known or unknown, or use placeholders to fill the gap of the names he could not "round up." *Cf. Williams v. Miron*, No. 2:16-CV-228, 2018 WL 309867, at \*1 (W.D. Mich. Jan. 5, 2018) (permitting the use of "staff" placeholder in grievance); *Hernandez v. Smith*, No. 1:17-CV-327, 2017 WL 6326147, at \*2 (W.D. Mich. Dec. 11, 2017) (permitting the use of placeholders when plaintiff "made clear that he would seek to uncover the respective Defendants' names"). Therefore, Wolfe failed to exhaust his claims against Miller and Wood in this grievance, and Miller and Wood's motion for summary judgment on the failure to exhaust in grievance URF 16-02-0446-03b will be granted.

The R & R also recommended dismissing Miller and Wood for Wolfe's claims in grievance URF-16-05-1935-03b, in which Wolfe asserted that LaLonde, Miller, and the Deputy Warden (presumably Wood) failed to respond to Wolfe alerting them of a prior incident in which he was stabbed, resulting in him being "jumped by other inmates who are a part of a[n] organization that stabbed [him]." (ECF No. 31-1 at PageID.151.) The grievance was rejected on May 24, 2016, at Step I because no violation of policy or inappropriate behavior was found to exist. (*Id.* at PageID.152.) Wolfe's Step II filing deadline was June 10, 2016, but Wolfe did not submit it until

2

July 1, 2016—resulting in a denial for untimeliness, which was also affirmed at Step III. (*Id.* at PageID.153–55.) The R & R, citing *Reynolds-Bey v. Harris*, 428 F. App'x 493 (6th Cir. 2011), found that Wolfe did not properly exhaust his claim because he did not follow MDOC grievance procedures in filing a timely appeal.

Wolfe asserted in his Step III appeal that the delay was not his fault and that he "directly respond[ed] after receiving the proper paperwork" because he "rode out of [the Chippewa Correctional Facility] to [the Saginaw Correctional Facility]." (*Id.* at PageID.153.) Wolfe reiterated this in both his response to the motion for summary judgment and in his objection to the R & R. (ECF No. 31 at PageID.136; ECF No. 34 at PageID.166.) Miller and Wood failed to address Wolfe's transfer argument, only asserting that his failure to exhaust "deprived the MDOC of the opportunity for its administrative process to resolve all of the allegations contained in his lawsuit." (ECF No. 29 at PageID.95.) However, if Wolfe was indeed delayed in filing his Step II grievance due to a transfer, then the MDOC deprived Wolf of the opportunity to have his grievance resolved on the merits. The MDOC's own Policy Directive No. 03.02.130(G)(3) states that a "grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer." (ECF No. 29-2 at PageID.99.)

Neither party has presented any evidence to show that Wolfe was or was not transferred between Chippewa and Saginaw at the relevant time. However, Wolfe included a declaration in his objection, declaring that the facts stated, *e.g.*, his transfer resulting in his untimely appeal, are true and correct under the penalty of perjury. (ECF No. 34 at PageID.167.) Miller and Wood have not presented any evidence to rebut this, either at the grievance stage or in the instant action. "Construing the facts in the light most favorable to [Wolfe], a reasonable jury could find that his transfer to a different facility was a valid reason for the delay in filing his Step II grievance and,

3

thus, that the grievance should not have been rejected as untimely." *Bradford v. Isard*, No. 2:15-CV-119, 2016 WL 4144248, at *2 (W.D. Mich. Aug. 4, 2016) (citations omitted). Even if Wolfe's transfer arguments were not clearly argued or plead, *pro se* filings are generally construed liberally and are held to less stringent standards—and Wolfe has consistently asserted that a transfer was the cause of the delay. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). Accordingly, Miller and Wood's motion for summary judgment on the ground of Wolfe's failure to exhaust his claims under grievance URF-16-05-1935-03b will be denied.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 33) is **APPROVED AND ADOPTED IN PART** and **REJECTED IN PART**. Plaintiff's objections (ECF No. 34) are **overruled in part** and **sustained in part**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 27) is **GRANTED** as to claims against Miller and Wood deriving from grievance URF 16-02-0446-03b and **DENIED** as to claims deriving against Miller and Wood from grievance URF-16-05-1935-03b.

Dated: March 5, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE